IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 09-313 |
| | ) |
| EDWARD SICELOFF | ) |

**DEFENDANT EDWARD C. SICELOFF'S MOTION TO REPRESENT HIMSELF AND FOR THE COURT TO APPOINT STAND BY COUNSEL WITH CITATION OF AUTHORITY**

Defendant Edward Siceloff ("Mr. Siceloff"), through his counsel, Assistant Federal Public Defender Markéta Sims, respectfully moves the Court to permit him to represent himself and to appoint stand by counsel. In support thereof counsel states:

1. Mr. Siceloff was arraigned on December 15, 2009 on a single count of failure to file an income tax return in violation of 26 U.S.C. 7203.

2. Mr. Siceloff has advised counsel that he wishes to exercise his Sixth Amendment right to represent himself pursuant to <u>Faretta v. California</u>, 422 U.S. 806 (1975), with the assistance of stand by counsel.

3. Accordingly, Mr. Siceloff respectfully moves the Court to schedule a <u>Faretta</u> hearing so that the Court can conduct the

appropriate colloquy to support a finding that Mr. Siceloff is knowingly and intelligently waiving his right appointed counsel. Mr. Siceloff further moves the Court to appoint stand by counsel.

    4.   In <u>Faretta v. California</u>, 422 U.S. 806, 835 (1975), the Supreme Court recognized that an accused has the right to represent himself, but noted that, "[w]hen an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must 'knowingly and intelligently' forego those relinquished benefits."  <u>Faretta</u>, 422 U.S. at 835, <u>quoting</u>, <u>Johnson v. Zerbst</u>, 304 U.S. at 464-465. The Supreme Court further cautioned, "Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'"  <u>Id</u>., <u>quoting</u>, <u>Adams v. United States, ex. rel. McMann</u>, 317 U.S. at 279. (Emphasis supplied).

2

5.  Indeed, in <u>Von Moltke v. Gillies</u>, 332 U.S. 708, 723-24 (1948), the Supreme Court reversed a conviction under the Espionage Act based upon the defendant's guilty plea, finding that the defendant's waiver of counsel was not knowing and intelligent because the trial court failed to make a searching inquiry of the defendant, and to adequately apprize her of the disadvantages of her waiver of counsel.  In so ruling, the Supreme Court stated:

> The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused - whose life or liberty is at stake - is without counsel.  This protecting duty imposes the serious and weighty duty upon the trial judge of determining whether there is an intelligent and competent waiver by the accused.  To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand.  The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility.  To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.  A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made

> only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered.

Von Moltke, 332 U.S. at 723-24.

6.   Similarly, the Third Circuit has long held that "the district court must undertake an affirmative on-the-record colloquy to explain to the defendant the possibility of waiver and give the defendant an awareness of the dangers and disadvantages inherent in defending oneself." United States v. Thomas, 357 F.3d 357, 362 (3d Cir. 2004), quoting, United States v. Welty, 674 F.2d 185, 188 (3d Cir. 1982).  "A 'defendant's waiver of counsel can be deemed effective only where the district court judge has made a searching inquiry sufficient to satisfy him that the defendant's waiver was understanding and voluntary.'"  Thomas, 357 F.3d at 362, quoting, Welty, 674 F.2d at 189.  (Emphasis supplied).  A Faretta hearing is the appropriate forum for the Court to conduct such an inquiry.

7.   The Supreme Court has further affirmed that the Court may appoint stand by counsel "to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary."  Faretta, 422 U.S. at 834, n. 46;

4

Welty, 674 F.2d at 193, n. 5. ("we stress that appointment of stand by counsel is the prudent course to take when a defendant elects to proceed *pro se*. Accordingly, Mr. Siceloff further moves the Court to appoint present counsel as stand by counsel.

   WHEREFORE, Defendant Edward Siceloff respectfully moves the Court to permit him to represent himself and to appoint stand by counsel.

                              Respectfully submitted,


                              *s/ Markéta Sims*
                              Markéta Sims
                              Assistant Federal Public Defender
                              Attorney Pa. I.D. No. 66325