IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       )
                               )
     v.                        ) Criminal No. 09-313
                               )
EDWARD SICELOFF                )


MEMORANDUM AND ORDER OF COURT

Presently before the court are two pretrial motions filed by Edward Siceloff ("defendant") in the above-captioned case: (1) a "challenge to jurisdiction"; and, (2) a "motion to provide for inspection of jury list in support of a future motion to dismiss grand jury indictment pursuant to 28 U.S.C. §1867(a) and (f)." The government has filed responses opposing both motions. For the reasons set forth below, both motions will be denied.

On November 18, 2009, a grand jury returned a one-count indictment against defendant charging him with failure to file a tax return in violation of 26 U.S.C. §7203. At his arraignment on December 15, 2009, a federal public defender was appointed to represent defendant. However, following a hearing held on January 19, 2010, defendant's motion to represent himself was granted, and the federal public defender was appointed solely as stand-by counsel.

Defendant's first pro se motion is entitled "challenge to jurisdiction." In this motion, defendant requests that the government be compelled to "prove standing" to bring their "claim." He asks that the government provide him with all evidence of "standing" for his review or otherwise that the case be dismissed for lack of jurisdiction.

After the government filed a response to defendant's motion, defendant filed a reply in which he argues that his "challenge to jurisdiction" is not really a motion to dismiss but only one to compel evidence of standing. However, he goes on to state that he "rebuts the claim that standing has been proven and that this court has jurisdiction over me." Whether defendant is asking that the government provide evidence of "standing" or is seeking dismissal for lack of jurisdiction, his motion is wholly without merit and will be denied.

Initially, this court clearly has jurisdiction over this case. Article III of the United States Constitution provides: "The judicial Power shall extend to all Cases, in Law and Equity, arising under the Constitution, the Laws of the United States and Treaties made, or which shall be made, under their authority ...." U.S. Const., Article III, Section 2.

By statute, "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. §3231.

Defendant has been charged by a grand jury with an offense against the laws of the United States, to-wit, failure to file a federal income tax return in violation of 26 U.S.C. §7203. Pursuant to the Sixteenth Amendment to the United States Constitution, "Congress shall have power to lay and collect taxes on income, from whatever source derived ...," and it is pursuant to this general power to levy income taxes that Congress has the authority to require the filing of returns reporting taxable income. United States v. Acker, 415 F.2d 328 (6th Cir. 1969).

Accordingly, the jurisdiction of this court over this prosecution is established. Likewise, the authority of the United States Attorney's office to prosecute defendant for the charged offense is not debatable. The 1870 Act to Establish the Department of Justice set up that Department as an executive department of the United States and provided it with the authority to handle the legal business of the United States, including all civil suits and criminal prosecutions. 28 U.S.C. §§501 et. seq.

To the extent defendant seeks discovery on the "standing" issue, his motion is denied. It is apparent from defendant's reply brief, and even more so from his "motion to provide for inspection of jury list," that defendant seeks these materials with the intent to argue that he is not a "person" required to file a federal income tax return because he is a resident of the Commonwealth of Pennsylvania, not of the United States, and,

therefore not subject to the laws of the United States or the jurisdiction of the federal courts. This court will not permit discovery in pursuit of this frivolous argument.

Defendant's argument has been raised and rejected countless times in virtually every circuit, including the Court of Appeals for the Third Circuit. In <u>United States v. Karlin</u>, 785 F.2d 90, 91 (3rd Cir. 1986), the appellate court rejected the defendant's arguments that he is not a "person" within the meaning of 26 U.S.C. §7203, or, alternatively that a good faith belief that he is not a "person" was an affirmative defense to failure to file a tax return, explicitly finding the defendant's contentions frivolous and unworthy of further discussion. <u>Id.</u>

Other courts universally have agreed. In <u>United States v. Hilgeford</u>, 7 F.3d 1340, 1342 (7th Cir. 1993), the appellate court rejected the identical "'shop worn' argument of the tax protester movement" that defendant hopes to raise here. The court noted that the defendant "apparently holds a sincere belief that he is a citizen of the mythical 'Indiana State Republic' and for that reason is an alien beyond the jurisdictional reach of the federal courts." <u>Id.</u> The court found defendant's belief to be "simply wrong." <u>Id.</u>

The <u>Hilgeford</u> court cited to a factually similar case from the Eighth Circuit in which the defendant argued that he was a citizen of the "Republic of Idaho" and not a United States citizen subject to the jurisdiction of the federal government. <u>United States v. Jagim</u>, 978 F.2d 1032, 1036 (8th Cir. 1992). The

Jagim court also found the argument to be "completely without merit" and "patently frivolous" and rejected it "without expending any more of this Court's resources on [its] discussion." Id.

This court likewise finds that any challenge which defendant may be contemplating based upon his mistaken belief that he is not subject to the laws of the United States or the jurisdiction of this court would be frivolous and the court will not compel the government to expend resources in producing "evidence" of "standing" so that defendant may pursue such a meritless argument.

For similar reasons, defendant's "motion to provide for inspection of jury list in support of a future motion to dismiss grand jury indictment pursuant to 28 U.S.C. §1867(a) and (f)" likewise will be denied.[1] In this motion, defendant seeks the "grand and petit juror lists for the judicial district" in order that he "can identify and interview a number of prospective

---

[1] The government correctly notes that defendant's motion for juror lists is untimely. At his arraignment, defendant was notified that all pretrial motions were to be filed within 10 days. One 30-day extension of time was granted upon motion filed by the Assistant Federal Public Defender representing him at the time, and pursuant to that extension, all pretrial motions were due by January 29, 2010. Defendant did not seek another extension and his time for filing pretrial motions has expired. At the hearing on defendant's motion to proceed pro se, he was advised by the court that he was required to be familiar with and comply with the Federal Rules of Criminal Procedure and the local rules and he indicated that he understood those obligations. No special exception will be granted to defendant to permit him to file additional pretrial motions out-of-time simply because he has chosen to proceed pro se.

℀AO 72
(Rev. 8/82)

- 5 -

jurors for the purpose of ascertaining what representations were made to them respecting the territorial composition of the judicial district."

Defendant's position apparently is that this court is not an actual Article III court and that "an active group of persons trained as lawyers and others ... have, over time, extended the territorial composition of this judicial district beyond the federal property possessed by the United States on January 1, 1945."[2] In essence, it appears that defendant's intent is to file at some later time a motion to dismiss the indictment on the ground that the jurisdiction of this court is limited to "federal territory" and he therefore is not subject to this court's jurisdiction because he has never resided in any such territory, but rather upon his own private property and/or property possessed solely by the Commonwealth of Pennsylvania. Defendant contends that the juror lists are necessary to enable him to gather evidence in support of this position.

Again, the court finds defendant's position to be patently frivolous. Article III, Section 1 of the United States Constitution vests the judicial power of the United States in "one supreme Court, and in such inferior Courts as the Congress

---

[2] Defendant argues that "a conspiracy was conceived to pass off the United States district courts as Article III courts" when, in actuality, they are "Article IV" courts. He further asserts that all lawyers falsely believe that district courts are Article III courts and that the "conspiracy" has been so successful that "no one till now has understood the Article IV origin of the United States district courts." This argument defies logic and reality.

may from time to time ordain and establish." Pursuant to Article III, Congress has established for each judicial district, delineated at 28 U.S.C. §§ 81-131, United States District Courts for those districts. 28 U.S.C. §132. Pennsylvania is divided into three judicial districts, including the Western District of Pennsylvania comprising the western counties of the state, including Beaver County in which defendant resides. 28 U.S.C. §118.

The legitimacy of this court as an Article III court is unquestionable and defendant's position that the jurisdiction of this court is limited solely to "federal property possessed by the United States on January 1, 1945," is baseless, unsupported by any law or authority and otherwise frivolous, warranting no further discussion. Accordingly, defendant's request for juror lists in order to "interview" jurors in an attempt to bolster this utterly meritless argument is unnecessary and will not be granted. Because it is clear that defendant has no colorable challenge to the procedures for the selection of grand or petit jurors, his request for juror lists to pursue a frivolous challenge to this court's jurisdiction will be denied.

An appropriate order will follow.

Dated: April 5, 2010

Gustave Diamond
United States District Judge

<u>O R D E R</u>

AND NOW, this 5th day of April, 2010, for the reasons set forth above, IT IS ORDERED that defendant's "challenge to jurisdiction" (Document No. 18) be, and the same hereby is, **denied**; and,

IT FURTHER IS ORDERED that defendant's "motion to provide for inspection of jury list in support of a future motion to dismiss grand jury indictment pursuant to 28 U.S.C. §1867(a) and (f)" (Document No. 22) be, and the same hereby is, **denied**.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Shaun E. Sweeney
    Assistant U.S. Attorney

    Edward Siceloff

    Marketa Sims
    Assistant Federal Public Defender