```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA      )
                              )
         v.                   )    Criminal No. 09-313
                              )
EDWARD SICELOFF               )
```

**GOVERNMENT'S PROPOSED POINTS FOR CHARGE**

AND NOW comes the United States of America, by its attorneys, Robert S. Cessar, Acting United States Attorney for the Western District of Pennsylvania, and Shaun E. Sweeney, Assistant United States Attorney for said district, submitting as follows:

**Failure to File a Tax Return - Elements of the Offense (26 U.S.C. § 7203)**

The indictment charges the defendant with willfully failing to file a tax return for the year 2004, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government provided each of the following three elements beyond a reasonable doubt:

First: That the defendant was required to file an income tax return;

Second: That the defendant did not file a tax return at or before the time required by law or regulation;

Third: That the defendant's failure to file was willful.

<u>Authority</u>: Third Circuit Model Jury Instruction No. 6.26.7203.

### Failure to File a Tax Return - Requirement That a Return Be Filed

The first element that the government must establish beyond a reasonable doubt is that the defendant was required to file an income tax return for the tax year in question.

During the relevant tax year, 2004, the law of the United States required that an individual having a gross income of $7,950[1] or more during a tax year was required to file an income tax return, regardless of whether a tax was due for that year. Therefore, the government must establish, beyond a reasonable doubt, that the defendant's gross income for the calendar year ending December 31, 2004, was more than $7,950.

Authority: Third Circuit Model Jury Instruction No. 6.26.7203-1.

### Failure to File a Tax Return - Failure To File

The second element that the government must establish beyond a reasonable doubt is that the defendant failed to file an income tax return for the tax year in question at or before the time required.

An individual taxpayer who must file an income tax return is required to file his return on or before April 15 of the year following the taxable year in question. Therefore, in order to satisfy this second element, the government must prove beyond a

---

[1] The threshold amount of $7,950 is derived by adding the Standard Deduction amount for a single individual in 2004 ($4,850) to the Exemption amount for 2004 ($3,100). See I.R.C. § 6012(a)(1)(A) and Revenue Procedure 2003-85, effective for taxable years beginning in 2004.

reasonable doubt that the defendant failed to file his income tax return on or before April 15, 2005.

<u>Authority</u>: Third Circuit Model Jury Instruction No. 6.26.7203-2.

### **Willfully Defined**

The third element the government must prove beyond a reasonable doubt is that the defendant acted willfully. "Willfully" means a voluntary and intentional violation of a known legal duty.  The defendant's conduct was not willful if he acted through negligence, mistake, accident, or due to a good faith misunderstanding of the requirements of the law.  A good faith belief is one that is honestly and genuinely held.

However, mere disagreement with the law or belief that the tax laws are unconstitutional or otherwise invalid does not constitute a good faith misunderstanding of the requirements of the law; all persons have a duty to obey the law whether or not they agree with it.

<u>Authoirty</u>: Third Circuit Model Jury Instruction No. 6.26.7201-4.

### **Good Faith Defense**

The offense of Failure To File a Tax Return charged in the indictment requires proof that the defendant acted willfully. If you find that the defendant acted in "good faith," that would be a complete defense to this charge, because good faith on the part of the defendant would be inconsistent with his acting willfully.

A person acts in "good faith" when he or she has an honestly held belief, opinion, or understanding that his conduct was not unlawful, even though the belief, opinion or understanding turns out to be inaccurate or incorrect. Thus, in this case if the defendant made an honest mistake or had an honest misunderstanding about his legal duty to file a tax return, then he did not act willfully.

The defendant does not have the burden of proving "good faith." Good faith is a defense because it is inconsistent with the requirement of the offense charged, that the defendant acted willfully. As I have told you, it is the government's burden to prove beyond a reasonable doubt each element of the offense, including the mental state element. In deciding whether the government proved that the defendant acted willfully, or instead, whether the defendant acted in good faith, you should consider all of the evidence presented in the case that may bear on the defendant's state of mind. If you find from the evidence that the defendant acted in good faith, as I have defined it, or if you find for any other reason that the government has not proved beyond a reasonable doubt that the defendant acted willfully, you must find the defendant not guilty of the offense of Failure To File a Tax Return.

<u>Authority</u>: Third Circuit Model Jury Instruction No. 5.07.

                                  Respectfully submitted,

                                  ROBERT S. CESSAR
                                  Acting United States Attorney

                                  <u>/s/ Shaun E. Sweeney</u>
                                  SHAUN E. SWEENEY
                                  Assistant United States Attorney
                                  U.S. Post Office and Courthouse
                                  700 Grant Street, Suite 4000
                                  Pittsburgh, Pennsylvania 15219
                                  (412) 644-3500 (Phone)
                                  (412) 644-4549 (Fax)
                                  Shaun.Sweeney@usdoj.gov
                                  PA ID No. 53568