IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 09-313 |
| | ) | |
| EDWARD SICELOFF | ) | |

## MEMORANDUM AND ORDER OF COURT

Presently before the court is a motion to dismiss filed by Edward Siceloff ("defendant") in the above-captioned case. The government has filed a response opposing the motion and defendant has filed a reply to the government's response. For the reasons set forth below, the motion will be denied.

On November 18, 2009, a grand jury returned a one-count indictment against defendant charging him with failure to file a tax return in violation of 26 U.S.C. §7203. At his arraignment on December 15, 2009, a federal public defender was appointed to represent defendant. However, following a hearing held on January 19, 2010, defendant's motion to represent himself was granted, and the federal public defender was appointed solely as stand-by counsel.

Defendant's pending motion seeks dismissal of the indictment against him based upon an alleged violation of his right to due process. Defendant argues that his due process rights have been violated because the "plaintiff" has failed to provide evidence of "standing," and the court unlawfully has

"assisted" the government by failing to compel the "plaintiff" to provide such evidence. Accordingly, defendant contends, the indictment must be dismissed because the "plaintiff" has failed to show that defendant is a person subject to the jurisdiction of either the "plaintiff" or of this court.

Defendant's arguments are without merit. Defendant previously filed two pretrial motions in which he challenged the jurisdiction of this court and sought to compel the government to provide evidence of "standing." The court denied defendant's motions by order dated April 6, 2010.

In his pending motion, defendant raises essentially the same arguments he raised in his previous two motions and those arguments will be rejected for the same reasons as set forth in the court's prior order. The authority of the government to prosecute defendant for the charged offense, and the court's jurisdiction over this **criminal** prosecution, are established by the United States Constitution and by statute and are not debatable. Defendant exclusively relies upon case law applicable in **civil** cases in making his "standing" arguments. This is not a civil proceeding.

To the extent defendant argues that the court has "assisted" the government by failing to compel evidence of standing, that contention is patently frivolous. The government has the statutory authority to prosecute violations of federal criminal law and this court has both constitutional and statutory jurisdiction over this criminal prosecution. No other

AO 72
(Rev. 8/82)

evidence of "standing" is required. The court does not improperly aid one party by applying the law and ruling in favor of that party. Defendant's motion will be denied.

An appropriate order will follow.

Dated: June 15, 2010

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

O R D E R

AND NOW, this 15th day of June, 2010, for the reasons set forth above, IT IS ORDERED that defendant's motion to dismiss (Document No. 29) be, and the same hereby is, **denied**.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Shaun E. Sweeney
    Assistant U.S. Attorney

    Edward Siceloff

    Marketa Sims
    Assistant Federal Public Defender