## ADDENDUM TO THE PRESENTENCE REPORT

## UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA
## UNITED STATES V. EDWARD SICELOFF DOCKET NO. 09-00313-001

The probation officer certifies that the Presentence Report, including any revision thereof, has been disclosed to the defendant, his attorney, and counsel for the Government and that the content of the Addendum has been communicated to counsel.  The Addendum fairly states any objections they have made.

## OBJECTIONS

### By the Government

Counsel for the Government has no objections or modifications to the Presentence Report.

### By the Defendant

The defendant filed the following objections to the Presentence Report.

### Objection No. 1

The defendant objects to the language used by the probation officer in paragraph 11 during her justification as to why the defendant should not receive a reduction under the provisions of U.S.S.G. § 3E1.1, titled Acceptance of Responsibility.  In his opinion the language used disagrees with the language of the Constitution of the United States at Article 3, section 2, Clause 3, which states that trial by a jury is a necessity in all crimes.  Furthermore, the Government has the obligation to prove that someone committed a crime, not the defendant's burden to say that he committed a crime. Consequently, the probation officer's statement about him not being eligible for a reduction in his offense level because he put the Government to its burden of proof at trial is a form of bribery which rewards persons who allow the Government to proceed unconstitutionally without a trial, and punishes persons who do not accept the unconstitutional conditions offered.

### Objection No. 2

The defendant objects to the probation officer's calculation of the tax loss in this case because the record of the trial demonstrates that all of the parties and the Court agreed that the trial was about his failure to file a tax return, not about an assessment of the tax loss.  Therefore, neither the probation officer or any other entity should be permitted to perform a function that subjects him to a lengthier prison term or heftier fine through a back door of the Court, but not according to the law listed in 26 CFR 301.6203-1.  Ultimately, the defendant believes that the sentencing guideline used by the probation officer is irrelevant and should not be applied in his case.

**Probation Officer's Response:** The probation officer prepared the Presentence Report according to the rules outlined in the Sentencing Guidelines Manual. The defendant's opposition to her use of the manual must be addressed by the Court at the sentencing hearing.

Respectfully submitted,

Theodore W. Johnson
Chief U.S. Probation Officer

By: _____

Angelica D. Banta
U.S. Probation Officer

Approved:

Stephen A. Lowers
Supervising U.S. Probation Officer

October 22, 2010