IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA　　　　)
　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　) Criminal No. 09-313
　　　　　　　　　　　　　　　　　)
EDWARD SICELOFF　　　　　　　　　)

## MEMORANDUM ORDER
## AND TENTATIVE FINDINGS AND RULINGS

AND NOW, this _16th_ day of November, 2010, the Probation Office having conducted a presentence investigation and submitted a presentence report; the government having filed a position paper as required by Local Criminal Rule 32.1(D) indicating no objections to the presentence report; defendant having filed a position paper indicating his objections to the presentence report; and the Probation Office having submitted the final addendum to the presentence report pursuant to Local Criminal Rule 32.1(F), the court makes the following tentative findings and rulings:

1)  On November 18, 2009, a grand jury returned a one-count indictment against Edward Siceloff ("defendant") charging him with failure to file an income tax return for the calendar year 2004 in violation of 26 U.S.C. §7203. On June 30, 2010, a jury returned a verdict of guilty against defendant at Count One.

  The charges in the indictment arose from an investigation conducted by the Internal Revenue Service ("IRS") after defendant failed to file an income tax return for the tax year 2004. The investigation showed that defendant timely filed federal income tax returns from 1986 through 2003, filing his last return in April of 2003 for the 2002 tax year. During those years, his income never exceeded $40,000.00.

In 2002, defendant acquired shares of stock issued by World Health Alternatives, Inc., when he invested in a company then known as Better Solutions which sold nutritional supplements.[1]   Although worthless when defendant bought them, the stock value of those shares increased dramatically in 2003 and 2004 after the CEO of World Health Alternatives, Richard E. McDonald, engaged in various fraudulent business practices which artificially elevated the value of the stock.   A separate investigation of McDonald revealed that he had falsely represented the value of the company's assets and under-reported its liabilities to shareholders and the Securities and Exchange Commission.

Before McDonald's conduct was discovered, defendant sold most of his shares for $763,926.66 in 2004, but he never filed a tax return for that year to report that income.

2)   While the United States Sentencing Guidelines now merely are advisory pursuant to the decision of the United States Supreme Court in <u>United States v. Booker</u>, 543 U.S. 220 (2005), the court nevertheless still is required to <u>consider</u> the Guidelines as <u>a</u> factor in determining a defendant's sentence, along with the other factors enumerated in 18 U.S.C. §3553(a).   Accordingly, the court makes the following guideline calculations:

   a)   The 2010 edition of the Guidelines Manual has been used in this case to calculate defendant's <u>advisory</u> sentencing range under the guidelines.

   b)   Under the guidelines, defendant's base offense level is 16 pursuant to U.S.S.G. §§2T1.1(a)(1) and 2T4.1(F) as the tax loss is more than $80,000 but $200,000 or less.

      Pursuant to U.S.S.G. §2T1.1(c)(2), if the offense involved failure to file a tax return, the tax loss is the amount of tax that the taxpayer owed and did not pay.   Pursuant to U.S.S.G. §2T1.1(c)(2)(A), the tax loss for failure to file a tax return "shall be treated as equal to 20% of the gross income" less any tax withheld or otherwise paid.   Here, the tax loss is 20% of

---

   [1]   Defendant indicates that he founded World Health Alternatives, Inc., with the objective to sell nutritional products on the internet.  He subsequently decided to merge with Better Solutions because he had no more money to invest and wanted to repay his investors.

$763,926.66 (defendant's unreported gross income from the sale of his shares of World Health Alternatives, Inc.) which is $152,785.33.

Defendant objects to a base offense level of 16 and argues that there is no tax loss in this case because there was "no assessment." He argues that "the court, and the prosecutor, and IRS officers all agreed that the trial was only about 'willful failure to file a return', and, that it was not about an assessment." Defendant's argument is without merit.

The jury in this case properly was instructed that in order to find defendant guilty of the crime of failure to file a tax return, they had to unanimously find beyond a reasonable doubt that the defendant was required to file an income tax return, that he did not do so and that his failure to file was willful. The amount of tax that defendant owed and did not pay, if any, was not put before the jury because it is not an element of the offense. However, the amount of loss resulting from defendant's willful failure to file a tax return is a relevant sentencing factor, and that loss properly has been calculated under the guidelines.

c)   There are no specific offense characteristic, victim-related, role-related or obstruction of justice adjustments applicable under the guidelines.

d)   Based on the above, defendant's adjusted offense level is 16 under the guidelines.

e)   Under the guidelines, defendant is not entitled to an acceptance of responsibility adjustment under U.S.S.G. §3E1.1.

The guidelines provide for a two-level reduction in offense level where a defendant "clearly demonstrates acceptance of responsibility for his offense" and also provide for a possible additional one-level decrease where the defendant has "assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty." U.S.S.G. §3E1.1(a) and (b).

Application note 2 to §3E1.1 provides that "[t]his adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." Here, defendant clearly is not entitled to an acceptance of responsibility reduction, as he put the government to its burden of proof at trial and, even after conviction, has not demonstrated any acceptance of responsibility, nor expressed any remorse, for his offense.

Defendant contends, however, that reducing the offense level for individuals who do not go to trial is unconstitutional in that it punishes those who exercise their constitutional right to a trial by jury and rewards those who relinquish that right. Defendant's argument is unpersuasive. In Corbitt v. New Jersey, 439 U.S. 212, 218-19 (1978), the United States Supreme Court recognized that "not every burden on the exercise of a constitutional right, and not every pressure or encouragement to waive such a right, is invalid. Specifically, there is no per se rule against encouraging guilty pleas." In United States v. Cohen, 171 F.3d 796, 805 (3d Cir. 1999), the Court of Appeals for the Third Circuit applied the Corbitt rationale and held that U.S.S.G. §3E1.1 creates an incentive for defendants to plead guilty and that such an incentive is constitutional. See also United States v. Warren, 338 F.3d 258, 266 (3d Cir. 2003) (holding that safety valve provision, like the acceptance of responsibility guideline, is a denied benefit rather than a penalty and rejecting as dicta statement in United States v. Frierson, 945 F.2d 650 (3d Cir. 1991), suggesting that "a denied reduction in sentence is equivalent to an increase in sentence and therefore a penalty.").

Because U.S.S.G. §3E1.1 does not punish the exercise of a constitutional right but instead grants leniency to those who accept responsibility, and express remorse, for their conduct, it passes constitutional muster, and defendant's objection is overruled.

f)   Based on the above, defendant's adjusted offense level is 16 under the guidelines.

g) There are no Chapter 4 adjustments applicable under the guidelines.

h) Based on the above, defendant's total offense level is 16 under the guidelines.

i) Defendant has a criminal history score of 0 which results in a criminal history category of I. See U.S.S.G. §4A1.1; §5 (Part A).

j) Based on a total offense level of 16 and a criminal history category of I, and pursuant to U.S.S.G. §5 (Part A), defendant's guideline sentencing range is 21 to 27 months, which falls within Zone D. However, the statutory maximum sentence which may be imposed for a violation of 26 U.S.C. §7203 is not more than 12 months. Pursuant to U.S.S.G. §5G1.1(a), where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence, in this case 12 months, shall be the guideline sentence. Pursuant to Booker, supra, defendant's guideline sentence is advisory only, not mandatory, and is to be considered as a factor in determining defendant's sentence.

3) The maximum statutory term of imprisonment which may be imposed is not more than 1 year. 26 U.S.C. §7203.

4) The authorized statutory term of supervised release which may be imposed is not more than 1 year as defendant has been found guilty of a Class A misdemeanor. 18 U.S.C. §§3559(a)(6) and 3583(b)(3).

5) Under the guidelines the authorized term of supervised release is one year, U.S.S.G. §5D1.2(a)(3), as defendant has been found guilty of a Class A misdemeanor, 18 U.S.C. §3559(a)(6). A term of supervised release is mandatory under the guidelines if a sentence of imprisonment of more than one year is imposed, U.S.S.G. §5D1.1(a), but is optional if a sentence of imprisonment of less than one year is imposed. U.S.S.G. §5D1.1(b). However, the guidelines themselves are advisory, not mandatory, pursuant to Booker.

6) Defendant is statutorily eligible for a sentence of probation of not more than 5 years, 18 U.S.C. §§3561(a) and (c)(2), but he is not eligible for a sentence of probation under the guidelines. U.S.S.G. §5C1.1(f).

7)   The maximum statutory fine which may be imposed is $100,000.  18 U.S.C. §3571(b)(5).

8)   Pursuant to U.S.S.G. §5E1.2(c)(3), the fine guideline range is a minimum fine of $5,000 to a maximum fine of $50,000.  Pursuant to Booker, this guideline range is advisory, not mandatory.

9)   Restitution is not an issue in this case.

10)  Pursuant to 18 U.S.C. §3013(a)(1)(A)(iii), a special assessment of $25 is mandatory.

11)  The court finds that there are no factors present which warrant the exercise of this court's discretionary authority to depart from the guidelines.


Gustave Diamond
United States District Judge


cc:  Shaun E. Sweeney
     Assistant U.S. Attorney

     Edward Siceloff
     P.O. Box 451
     Darlington, PA 16115

     Marketa Sims
     Assistant Federal Public Defender (stand-by counsel)

     Angelica D. Banta
     U.S. Probation Officer